UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Continental Property Group, Inc.,

                Plaintiff,         **MEMORANDUM OPINION AND ORDER**

v.         Civil No. 08-5929 ADM/JJK

City of Minneapolis,

                Defendant.

_____

William Skolnick, Esq., Skolnick & Shiff, P.A., Minneapolis, MN, on behalf of the Plaintiff.

Charles Nauen, Esq., Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN, on behalf of the Defendant.

_____

## I.  INTRODUCTION

On January 29, 2009, the undersigned United States District Judge heard oral argument on Plaintiff Continental Property Group, Inc.'s ("CPG") Motion to Remand [Docket No. 6]. At issue is whether the "revival exception" to 28 U.S.C. § 1446(b) applies in this case. For the reasons set forth below, the revival exception does not apply, and the motion to remand is granted.

## II.  BACKGROUND

CPG owns a number of properties zoned as an Institutional Office Residence District in Minneapolis. Notice of Removal [Docket No. 1], Attach. 2, (Amend. Compl.) ¶¶ 1, 3. CPG hired architects, began planning a mixed-use development for these properties, and CPG representatives met with city officials including Councilwoman Lisa Goodman ("Goodman"). Id. ¶¶ 5-7. Based on this meeting, CPG redesigned its development and applied for two

conditional use permits, two variances, and a major site plan review. Id. ¶¶ 8, 9. After the Department of Community Planning and Economic Development and the City of Minneapolis Planning Commission denied CPG's application, CPG appealed to the Minneapolis City Council, which also denied the application. Id. ¶¶ 10-12.

On April 23, 2007, CPG filed this action in state court seeking declaratory and injunctive relief for alleged violations of Minn. Stat. § 555 and 42 U.S.C. § 1983. Specifically, CPG alleged the City's decision to deny its application was arbitrary and capricious, the stated reasons for the denial were pretextual and not applied evenly to similarly situated developments, and the decision was motivated by personal animus, apparently by Goodman. Id. ¶ 13. CPG also alleged that the City violated its right to equal protection under the Fourteenth Amendment to the United States Constitution. Id. ¶ 22. CPG sought declaratory relief, money damages, an order directing the city to approve the application, and costs and attorney's fees. Id. at 4-5.

The parties engaged in discovery from late 2007 until May 2008, after which the City moved for summary judgement. Mot. of Removal Exs. [Docket No. 4], Ex. 9. In its opposition to summary judgment, CPG included a section alleging violations of its due process rights under the Fourteenth Amendment. Id., Ex. 35 at 37-38. On October 10, 2008, the state court denied summary judgment with respect to the claim under the Minnesota statute and granted summary judgment on the equal protection claim. Cargill Aff. [Docket No.10], Ex. F at 6-11. The court added a new wrinkle, however, by recognizing a due process claim even though such a claim had not been explicitly pled. Id. at 6. A trial date was set for Judge Aldrich's next assigned civil trial time commencing February 17, 2009. Id., Ex. G.

On November 6, 2008, the City removed this action to this Court citing 28 U.S.C. § 1331

as the jurisdictional basis for removal because the due process claim arises under the Constitution of the United States. Notice of Removal ¶ 9. While the City recognizes that removal was untimely under 28 U.S.C. § 1446(b), it maintains that the revival exception to this rule applies because the Complaint had effectively been amended by the state court's order to add a new federal claim that substantially altered the character of this action. Id. ¶ 10. CPG then brought the instant motion to remand this action to state court.

### III.  DISCUSSION

A case shall be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. See In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). When considering a motion to remand, a court must resolve all doubts questioning federal jurisdiction in favor of remand. See id.

Under 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such an action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.[1]

The City did not remove this action within thirty days of receiving CPG's complaint, and

---

[1] Section 1446(b) includes a second paragraph that details the removal procedure if an action is not originally removable but later becomes removable because a plaintiff files an amended complaint. This action was removable from its inception because of the inclusion of the equal protection claim, and neither party disputes that the second paragraph of § 1446(b) is inapposite.

typically, this would foreclose removal under § 1446(b).  However, courts have created a narrow exception to this rule where the complaint has been amended to substantially alter the character of the action.  See Johnson v. Heublein, Inc., 227 F.3d 236 (5th Cir. 2000).  While the Eighth Circuit has not addressed the requirements for this "revival exception," other courts that have recognized the exception rely on Wilson v. Intercollegiate (Big Ten) Conference Athletic Assoc., 668 F.2d 962 (7th Cir. 1982), to explain the contours and policy considerations for the exception.  See e.g. Johnson, 227 F.3d at 242; McKenna v. Brassard, 704 F.Supp. 309, 310 (D. Mass. 1989); Pearson v. Gerber Products Co., 788 F.Supp. 410, 413 (W.D. Ark. 1992).

In Wilson, the plaintiff initially raised claims in state court under the equal protection and due process clauses of the United States and Illinois constitutions, and the defendant did not attempt to remove the case at the time it was served.  Id. at 964.  About a year later, the plaintiff amended his complaint to alleged violations of several civil rights statutes, Title IX, and the First Amendment to the United States Constitution.  Id.  The defendant then removed the case to federal court, the plaintiff moved to remand, and the district court denied the motion to remand and granted summary judgment for the defendant.  Id.  On appeal, the Seventh Circuit traced the revival exception to a Supreme Court decision that allowed removal if the amendment of the complaint "so changes the nature of [an] action as to constitute 'substantially a new suit begun that day.'"  Id. at 965 (quoting Fletcher v. Hamlet, 116 U.S. 408, 410 (1886)).  The court then considered the rationale of the thirty-day limitation.  It was designed "to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system."  Id.  A second purpose for the time limitation is "to prevent the delay and waste of resources involved in

starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court." Id. These considerations can be "overbourne" if the plaintiff purposely misleads the defendant about the nature of the action to dissuade removal or "because new facts [have] come to light in the course of pretrial discovery." Id. at 965-66. Finally, the court found that when applying the revival exception, courts should be mindful of "the danger of encroaching unduly on the authority of the state courts." Id. at 966.

An amendment may substantially change a complaint if it modifies the "target of [the plaintiff's claim] or the nature of the relief sought." Id. A "change in the basic legal theory" of the action may also constitute a substantial change. Id. Additionally, the interjection of a new claim based on an entirely new set of facts is a possible basis for a revival exception. See Dow Corning Corp. v. Schpak, 65 F.R.D. 72, 75 (D. Ill. 1974). So too is the complete realignment of parties to an action. Johnson, 227 F.3d at 242. However, a new or different theory of recovery or measure of damages, McKenna, 704 F.Supp. at 311-12, or claims that require some additional evidence or different burdens of proof, have failed to give rise to a revival exception. Samuels v. Allstate Ins. Co., No. Civ.A.05-2490, 2006 WL 449257, at *4 (D. Kan. Feb. 23, 2006).

The City does not assert that CPG attempted to mislead it by holding back and then asserting the due process claim. Therefore, the Court must determine whether the state court judge's reconstruction of the claims effectively constituted an amendment that so substantially changed the complaint as to warrant application of the revival exception.

The City remains the target of CPG's lawsuit, and its decision to not grant CPG a variance is still the focus of the complaint. The parties have not changed, and the basic legal theory of the case, that the City wrongly denied CPG a variance, continues to drive this action.

In a trial of an equal protection claim, the focus would be on a comparison of the similarly situated properties whereas the evidence in a due process claim would focus on whether the City had a rational basis for its determination.  Nonetheless, CPG would present evidence about Goodman and her alleged role in the process under either theory.  The underlying facts remain the same, and CPG has not changed the relief it seeks.

Additionally, remand best serves the objectives of the thirty-day rule.  The City remained in litigation in state court for nearly two years until such time its motion for summary judgment was denied.  Discovery and dispositive motions have been completed, and one theory of relief has been rejected.  Trial is set to begin in the near future.  As such, retaining jurisdiction of this action in federal court would poorly serve judicial economy given how far the case has progressed and the fact that state court is already very familiar with the dispute.  Finally, the Court is particularly mindful of comity and not encroaching upon the authority of the state court given that the City alleges it was the state court's order that "amended" this action.

Courts have rarely applied the revival exception.  In fact, it appears that the *only* court to apply the revival exception in the last forty years was the Fifth Circuit in Johnson.  The facts in that case, however, are nothing like those in this case.  The plaintiffs in Johnson originally filed an action against numerous defendants based on an alleged default on promissory notes.  227 F.3d at 239.  While a summary judgment motion was pending, two defendants filed a "confession of judgment and assignment of claims" in state court and assigned to the plaintiffs any claims they might have against the remaining defendants.  Id.  The plaintiffs and these new "co-plaintiffs" then filed an amended complaint against the remaining original defendants adding previously unfiled claims.  Id.  In finding that the revival exception applied, the court stated that

"the allegations contained in the [amended complaint] bear no resemblance whatsoever to the allegations of the [original complaint]" and that arguably, the only valid claims in the original complaint were directed at the new "co-plaintiffs." Id. at 242. The complex factual and procedural issues in Johnson bear no resemblance to the relatively straightforward situation in this case.

CPG also requests an award of the attorney's fees it has incurred as a result of removal. A court may award attorney's fees under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The unique circumstance that led to the addition of the equal protection claim persuades the Court there was uncertainty as to whether removal was appropriate, and the City had an objectively reasonable basis for removal. Thus, CPG's request for attorney's fees is denied.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Continental Property Group, Inc.'s Motion to Remand [Docket No. 6] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


　　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 5, 2009.